**IN UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KIMBERLY MCNANEY | CIVIL DIVISION |
| Plaintiff, | Case No.   2:21-cv-1809 |
| v. | |
| SAMPSON AND MORRIS GROUP, INC. | |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW comes the Plaintiff, Kimberly McNaney, by and through her undersigned

counsel and files the following Complaint and in support thereof avers as follows:

## PARTIES

1.      Plaintiff, Kimberly McNaney (hereinafter "Plaintiff"), is an adult individual

residing at 604 Cypress Ct., Trafford, PA 15085.

2.      Defendant, Sampson and Morris Group (hereinafter "Defendant"), is a

Pennsylvania Corporation with its principal place of business at 2500 Eldo Rd #1, Monroeville,

PA 15416.

## NATURE OF THE ACTION

3.      This is an action for equitable relief as well as monetary damages, to redress

Defendant's unlawful discrimination against Plaintiff because of her sex - in violation of the

Title VII of the Civil Rights Act ("Title VII") 42 U.S.C. §1971 et seq.; her age - in violation of

the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621 et. seq.; and her sex

and age in violation of the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951 et. seq.

4.      Title VII covers Defendant because Defendant employed at least fifteen (15) employees at all times relevant to this Complaint.

5.      The ADEA covers Defendant because Defendant employed at least twenty (20) employees at all times relevant this Complaint.

6.      The PHRA covers Defendant because Defendant employed over four (4) employees at all times relevant to this Complaint.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343 as this action involves federal questions regarding the violation of Plaintiff's rights protected by Title VII and ADEA. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the PHRA pursuant to 28 U.S.C. § 1367.

8.      The events or omissions giving rise to the claims occurred in Western Pennsylvania, and therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## COMMON FACTS

9.      Plaintiff is a 52 year-old female.

10.     Defendant had over twenty (20) employees at all times relevant to this Complaint.

11.     On or around December of 2015, Tracy Mitchell (hereinafter "Mitchell") who worked as a property manager for Defendant, hired Plaintiff as an administrative assistant.

12.     Plaintiff began working at the Holiday Park Apartments where she quickly exceled at her position.

13. Defendant transferred Plaintiff to the management office in Monroeville to work as an office manager due to her excellent performance and ability to deal effectively with multiple matters at once.

14. Plaintiff proved to be an exemplary employee and worked arduously to advance the goals of Defendant's business.

15. Defendant continued to give Plaintiff incremental pay raises in tandem with her increased responsibilities within the organization.

16. Plaintiff and Mitchell had numerous discussions which led Plaintiff to believe that her pay raises and increased responsibilities were to groom her for a property management position.

17. By the time Plaintiff left Defendant's employ – she had already assumed nearly all of the responsibilities of a property management position and excelled in every aspect.

18. On or about July 2020, Mitchell told Plaintiff that Defendant was ready to fill the property management position.

19. Mitchell did not give Plaintiff a job offer nor a realistic opportunity to earn the position.

20. Instead, during this discussion, Mitchell informed Plaintiff that Defendant wanted to "hire a man."

21. Between July to about September, Defendant interviewed multiple male candidates for the position.

22. It is unknown whether Defendant interviewed a single woman as part of their numerous interviews.

23. During this process, Plaintiff performed almost all of the duties and responsibilities of the position.

24. On or about late August or early September, Defendant finally hired a male at least 10-20 years Plaintiff's junior to fill the position of property manager.

25. Defendant wanted Plaintiff to train the male hire for the property management position that Defendant passed her over for.

26. This discriminatory action forced Plaintiff to resign from her position in September of 2020.

27. An EEOC Charge was cross-filed with the EEOC and the PHRCA on March 9, 2021.

28. The EEOC issued a right to sue letter on September 15, 2021.

29. This action follows the issuance of the right to sue letter and said letter is attached as Exhibit 1.

## <u>COUNT I</u>

### Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964

### (42 U.S.C. §1971 et seq.)

30. The preceding paragraphs are incorporated herein as if set forth at length.

31. Plaintiff is a female who was qualified for the open position and actively made known her intent to assume the position.

32. Defendant discriminated against Plaintiff by failing to promote her on the basis of her sex.

33. This failure to promote constituted an adverse employment action.

34. The position remained open until Defendant hired a male to fill the position.

35.     Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

36.     The conduct described above resulted in sex discrimination against Plaintiff in violation of her rights under the Title VII.

## COUNT II

### Age Discrimination in violation of the ADEA

### (29 U.S.C. §§ 621 et. seq.)

37.     The preceding paragraphs are incorporated herein as if set forth at length.

38.     Plaintiff was over 40 years old and was qualified for the open position and actively made known her intent to assume the position when Defendant failed to promote her.

39.     Defendant discriminated against Plaintiff by failing to promote her on the basis of her age.

40.     Defendant hired a sufficiently younger employee instead of Plaintiff with less experience as a property manager than Plaintiff.

41.     Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

42.     The conduct described above resulted in age discrimination against Plaintiff in violation of her rights under the ADEA.

## COUNT III

### Sex Discrimination in Violation of Pennsylvania Human Relations Act

### (43 P.S. § 951 et. seq.)

43.     The preceding paragraphs are incorporated herein as if set forth at length.

44.     Plaintiff is a woman who was qualified for the open position and actively made known her intent to assume the position at all times relevant to this Complaint.

45.     Defendant discriminated against Plaintiff by failing to promote her on the basis of her sex.

46.     Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

47.     The conduct described above resulted in sex discrimination against Plaintiff in violation of her rights under the PHRA.

## COUNT IV

### Age Discrimination in Violation of Pennsylvania Human Relations Act

### (43 P.S. § 951 et. seq.)

48.     The preceding paragraphs are incorporated herein as if set forth at length.

49.     Plaintiff  was over forty (40) years-old at all times relevant to this Complaint and was qualified for the open position and actively made known her intent to assume the position.

50.     Defendant hired someone sufficiently younger than Plaintiff with less experience as a property manager, thus giving rise to an inference of discrimination.

51.     Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

52.     The conduct described above resulted in age discrimination against Plaintiff in violation of her rights under the PHRA.

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against Defendant for the following in a total amount in excess of $75, 250.00:

a.  Loss of income;

b.  Back wages;

c.  Front wages;

d.  Emotional damages;

e.  Plaintiff's legal fees;

f.  Additional punitive damages;

g.  Pre-Judgment, interest, court costs and other such relief as the Court may deem just

and proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted

Dated: December 8, 2021                          */s/ Joseph D. Pometto, Esq.*

Joseph D. Pometto, Esq.
PA ID No. 316346

**IN UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KIMBERLY MCNANEY | CIVIL DIVISION |
| Plaintiff, | Case No. |
| v. | |
| SAMPSON AND MORRIS GROUP, INC. | |
| Defendant. | **JURY TRIAL DEMANDED** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2021, the foregoing COMPLAINT IN CIVIL

ACTION and all attached documents were filed electronically with the Clerk of Court using the

CM/EMF system. Notice of this filing will be sent to all parties.

/s/ Joseph D. Pometto
Joseph D. Pometto
*Counsel for Plaintiff*