IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY MCNANEY,<br><br>    *Plaintiff,*<br><br>v.<br><br>SAMPSON AND MORRIS GROUP, INC.,<br><br>    *Defendant.* | Civil Action No. 2:21-cv-1809<br><br>Hon. William S. Stickman IV |

## **MEMORANDUM OPINION**

On December 8, 2021, Plaintiff Kimberly McNaney ("Plaintiff" or "McNaney") filed a Complaint asserting unlawful employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"). (ECF No. 1). Specifically, she alleges that Defendant Sampson Morris Group, Inc., ("SMG") passed her over for a promotion due to a combination of sex and age-based discrimination. SMG has moved to dismiss Plaintiff's claims, arguing primarily that the Complaint was untimely—i.e., that it was filed more than ninety days after the Equal Employment Opportunity Commission ("EEOC") issued its right-to-sue letter. (ECF No. 6). The Court agrees that the Complaint was untimely with respect to the Title VII and ADEA claims, and it will dismiss those federal claims with prejudice. The Court declines to exercise supplemental jurisdiction over the state law PHRA claims.[1]

---

[1] SMG also moved to dismiss on the ground that the Complaint failed to plead any plausible cause of action because, *inter alia*, Plaintiff never applied for the job for which she contends she was passed over. Because the Court holds that the Complaint was untimely, it need not address these arguments.

1

### A. Scope of Review.

Before addressing the substance of the Motion to Dismiss, the Court must address the scope of its review. This initial determination will control what facts the Court may consider in adjudicating the motion. SMG's arguments with respect to the timeliness of Plaintiff's Complaint reference a series of communications, including communications with counsel, which are not outlined in or attached to the Complaint. SMG contends that the Court may consider these communications in deciding the Motion to Dismiss or, if not, may convert the motion to one for summary judgment. Plaintiff does not expressly address the question of what materials the Court may consider, but rather, specifically refers to the same universe of communications forming the basis of SMG's Motion to Dismiss. Both sides, therefore, refer to communications from the EEOC in presenting their respective arguments. The Court holds that it may refer to these communications when reviewing the Motion to Dismiss without converting it to a motion for summary judgment.

Generally, "a district court ruling on a motion to dismiss [under Rule 12(b)(6)] may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, there are a few exceptions to that general rule. A district court may consider the following: (1) exhibits attached to the complaint, *see Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993); (2) documents that are "integral to or explicitly relied upon in the complaint," *Burlington*, 114 F.3d at 1426 (citation omitted), including, for example, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *Pension Benefit*, 998 F.2d at 1196; and (3) matters of public record, *Id.* at 1196.

A court's ability to review undisputedly authentic documents attached to a motion to dismiss recognizes that, "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 781 (W.D. Pa. 2000). Federal courts have held that EEOC documents attached to a defendant's motion to dismiss are reviewable without converting the motion to one for summary judgment because they are not subject to dispute as to their authenticity and issues relating to exhaustion and post-exhaustion timeliness form essential parts of a plaintiff's claims. *Id.* at 781-82. Likewise, courts have construed the records of proceedings before the EEOC, including the issuance of its right-to-sue letter, as matters of public record that may be examined without conversion to summary judgment. In *Arizmendi v. Lawson*, 914 F. Supp. 1157, 1161 (E.D. Pa. 1996), the court explained that, in the context of determining whether a Title VII claim is timely, a broad array of materials may be reviewed:

> In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, ***records and letters of official actions or decisions of government agencies and administrative bodies***, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.

(emphasis added) (collecting cases).

In this case, the communications from the EEOC—specifically the August 19 and August 20, 2021, emails to Plaintiff's counsel and related communications—are public records *and* documents of undisputed authenticity that have been attached to the Motion to Dismiss. While Plaintiff contends that the August emails should not be viewed as having legal significance vis-à-vis the limitations period, she never objects to their authenticity and admits that counsel received them. The Court may, therefore, consider these communications from the EEOC to Plaintiff, through counsel, without converting the Motion to Dismiss into one for summary judgment.

**B. Relevant Facts.**

Plaintiff alleges that she was the victim of sex and age discrimination when she was passed over for a promotion despite having been previously "groomed" for the role and already performing many of its responsibilities. She was told that SMG wanted to "hire a man" for the open position and that it did, in fact, hire a man who was ten to twenty years her junior. (ECF No. 1, ¶¶ 13-24). Plaintiff filed her statutorily-required charge of discrimination with the EEOC on March 9, 2021. (ECF No. 1, ¶ 27). She was represented by counsel in the EEOC proceedings, and counsel's name appears on the EEOC filings. (ECF No. 1-2, p. 2; ECF No. 6-1, p.1).

On August 19, 2021, an EEOC investigator sent Plaintiff's counsel an email which stated that the "EEOC will be closing the above case and issuing a NRTS." (ECF No. 6-5). Attached to that email was a letter which stated that the investigator had been unable to contact Plaintiff on two previous dates to discuss the matter, but that "the evidence available to the Commission does not support a violation of the statute(s)." (ECF No. 6-4). The August 19, 2021 letter further states, "Although a recommendation has now been made, the final authority as to a determination rests with the District Director or her designees. If after reviewing, the District Director concurs with the recommendation, you will receive a Dismissal letter and a Right to Sue Notice from our office." (*Id.*).

The next day, on August 20, 2021, the EEOC sent counsel an email stating:

> EEOC has made a decision regarding charge number 533-2021-00911. It is very important that you download and retain a copy of this document. You may review this decision by logging into the EEOC Respondent Portal.
>
> This email is an official notification from the Equal Employment Opportunity Commission (EEOC) regarding charge 533-2021-00911. Please do not reply to this email.

(ECF No. 6-2). Plaintiff's counsel admits to receiving this email and admits that it "included a link to a document that was, purportedly, the right-to-sue letter. However, to access the actual document, the recipient is required to click on the link, create a profile, username and password, and THEN they can access the actual document." (ECF No. 13, p. 4).

On September 15, 2021, the EEOC sent Plaintiff a physical letter that stated:

> Dear Ms. McNaney:
>
> The United States Equal Employment Opportunity Commission (EEOC) issued the enclosed document in the above-referenced charge on the date reflected thereon. Specifically, on that date, EEOC sent an email notification that EEOC had made a decision regarding the above-referenced charge and advised you to download a copy of the decision document from the Portal. Our records indicate that we do not have an email address for you, and therefore you did not receive the notification. For your convenience, a copy of that document is enclosed with this letter.

(ECF No. 1-2). Attached to this letter was the right-to-sue letter issued on August 20, 2021.

### C. Plaintiff's federal claims are untimely because the Complaint was filed more than 90 days after the right-to-sue letter was issued and made available to counsel.

Under both Title VII and the ADEA, an aggrieved individual must file an action within 90 days of receipt of the EEOC's right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). It is well established that the 90-day period begins to run either when the attorney or the client/claimant receives the letter. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 n.1 (3d Cir. 1999) ("The statutorily-created ninety-day period starts when either the claimant or her attorney receives a right-to-sue letter, whichever is earlier."). The receipt of the right-to-sue letter by the attorney will be construed as providing notice to the client and, thereby, starting the 90-day clock. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 92-93 (1990) ("Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the

5

attorney.'"). "To read the term 'receipt' to mean only 'actual receipt by the claimant' would render the practice of notification through counsel a meaningless exercise. If Congress intends to depart from the common and established practice of providing notification through counsel, it must do so expressly." *Id.* at 93.

Here, the facts are not in dispute as to when the various communications were sent and received by Plaintiff and her attorney. Rather, the dispute centers upon the impact of those communications—specifically, whether the 90-day period began (1) when Plaintiff's attorney was given access to the right-to-sue letter through the EEOC's online portal on August 20, 2021, or (2) when Plaintiff, herself, received a hard-copy of the right-to-sue letter on September 15, 2021. The Court holds that the 90-day period began to run on August 20, 2021, when the EEOC emailed counsel to notify him that a decision had been made in Plaintiff's case and provided him access to that decision. Under Title VII, the ADEA, and prevailing caselaw, including the United States Court of Appeals for the Third Circuit's decision in *Seitzinger*, that is the date that the right-to-sue letter was received.

Plaintiff does not dispute that counsel received an email on August 20, 2021, and that he was afforded access to the Dismissal and Notice of Rights letter (right-to-sue letter) issued and dated the same date. Instead, she contends that the EEOC's electronic delivery system is inadequate and should not be credited as conferring delivery of the right-to-sue letter, which is needed to trigger the 90-day limitations period. She argues, "The second [August 20] email included a link to a document that was, purportedly, the right-to-sue letter. However, to access the actual document, the recipient is required to click on the link, create a profile, username and password, and THEN they can access the actual document. This is not and should not be considered a sufficient form of notice under the law." (ECF No. 13, p. 4) (internal citations

6

omitted). Plaintiff further argues that it "is simply unreasonable" for the EEOC's email and portal access to be considered notice. (*Id.*). In addition, Plaintiff contends that it should not be presumed that lawyers are able to create the necessary profile, password and username required to access the EEOC portal, notwithstanding the fact that law is "a sophisticated profession." (*Id.*). Plaintiff concludes that "[n]ot long ago, the EEOC always mailed a right-to-sue letter. Now they send an email that leads to a password and username protected document. Even in a technological age, when dealing with such an important deadline, this is simply not sufficient." (*Id.* at 5-6).

The Court holds that Plaintiff's arguments cannot prevail. Plaintiff's counsel admits that he received notice from the EEOC of documents issued by email on August 19, 2021, and August 20, 2021. Those emails specifically stated, "EEOC has made a decision regarding charge number 533-2021-00911. ***It is very important that you download and retain a copy of this document***. You may review this decision by logging into the EEOC Respondent Portal." (ECF No. 6-2) (emphasis added, hyperlink in original). Counsel simply did not access the documents referenced in the emails. Had he done so, he would have discovered that the right-to-sue letter was issued by the EEOC on August 20, 2021. The Court will not accept the argument that this electronic method of providing notice is inherently deficient. Federal and state courts and administrative agencies throughout the nation, including this Court, provide notice of their decisions and other actions by electronic means. It is not asking too much of attorneys who practice before these courts and agencies to acquire the necessary electronic credentials to access such filings and, when provided notice of an action by email, open the link to access the document. Moreover, Plaintiff does not assert that there was some technical bar preventing her attorney from opening the link included in the August 19 and August 20 emails. Rather, her

7

brief concedes that counsel simply failed to create the necessary login information and to open the EEOC portal linked in the emails.

The law is clear that "[t]he statutorily-created ninety-day period starts when either the claimant or her attorney receives a right-to-sue letter, whichever is earlier." *Seitzinger*, 165 F.3d at 239, n.1. Plaintiff's attorney received notice of the EEOC's determination of her claim, and her right to file suit, on August 20, 2021. Counsel's failure to open the link and actually read the document does not toll the commencement of the period, just as it would not if he simply failed to open mail delivered in the traditional manner. The clock started to run on August 20, 2021. The December 8, 2021, filing of the Complaint in this Court occurred beyond the 90-day period. Plaintiff's Title VII and ADEA claims (Counts I and II) are untimely and must be dismissed with prejudice

### D. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff concedes that if the Court dismisses Counts I and II (asserting federal statutory claims), the Pennsylvania law claims asserted at Counts III and IV should be dismissed. The Court will decline to exercise supplemental jurisdiction over the state law claims and will, therefore, dismiss them without prejudice to reassert in state court.

### E. Conclusion.

For the foregoing reasons, the Court will grant SMG's Motion to Dismiss (ECF No. 6). An Order of Court will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

Dated: 4/5/22